# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEFAN KASAIN,<br><br>    Plaintiff,<br><br>v.<br><br>JOSEPH A. UNGER, *et al.*,<br><br>    Defendants. | Case No. 21-cv-01511-BAS-AGS<br><br>**ORDER GRANTING DEFENDANTS' UNOPPOSED MOTION TO DISMISS (ECF No. 4)** |

      On August 26, 2021, Plaintiff Stefan Kasain brought this suit against two Internal Revenue Services employees, Joseph Unger and Loretta Martinez. (Compl., ECF No. 1.) Kasain alleges that he suffered from a serious brain injury requiring surgery and incurred tax debt when he was incapacitated or recovering from his physical condition. Kasain argues that Unger and Martinez violated the Americans with Disabilities Act ("ADA"), the Federal Tort Claims Act ("FTCA"), and his due process rights, by, among other things, targeting him in their attempts to collect his outstanding tax liabilities. (*Id.*)

      On November 5, 2021, Defendants filed a motion to dismiss the Complaint under Rules 12(b)(1), 12(b)(5), and 12(b)(6) of the Federal Rules of Civil Procedure, with a noticed hearing date of December 6, 2021. (ECF No. 4.) Plaintiff's deadline to file an

1  opposition in response to Defendants' motion to dismiss was November 22, 2021. Civ.
2  L.R. 7.1(e).[1] No opposition was filed.

3  Under this district's local rules, the lack of an opposition to a motion "may constitute a consent to the granting of a motion or other request for ruling by the court." *See* Civ. L.R. 7.1(f)(3)(c). The Ninth Circuit has held that a district court may properly grant a motion to dismiss for the plaintiff's failure to file timely opposition papers where the plaintiff had notice of the motion and ample time to respond. *See Ghazali v. Moran*, 46 F.3d 52, 52 (9th Cir. 1995) (per curiam); *see also Carrea v. Cate*, No. 08CV2295 WQH BLM, 2009 WL 2382533, at *3 n.3 (S.D. Cal. July 30, 2009).

Here, the record does not indicate that Plaintiff lacks notice of Defendants' motion to dismiss. More than five weeks have passed since the deadline for Plaintiff to respond to the motion to dismiss. Yet, Plaintiff has not responded to the motion. Because Plaintiff was made aware of the motion and had ample time to respond to it, the Court deems Plaintiff's failure to oppose Defendant's motion as consent to granting it. Civ. L.R. 7.1(f)(3)(c). In addition, the Court's own review of the record supports dismissing Plaintiff's Complaint.

Accordingly, the Court **GRANTS** Defendants' motion to dismiss as unopposed. (ECF No. 4.) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Complaint. The Clerk is directed to close the case.

**IT IS SO ORDERED.**

**DATED: January 3, 2022**

Hon. Cynthia Bashant
United States District Judge

---

[1] Civil Local Rule 7.1(e)(2) provides that a party opposing a motion must file either an opposition or a statement of non-opposition no later than fourteen calendar days prior to the noticed hearing date.